■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL ROLLOCK, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 4, 1987, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated May 22, 1990, which denied her motion, pursuant to CPL 440.10, to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The principal question raised by the defendant on this appeal is whether the failure to introduce expert testimony concerning the "battered woman syndrome" constitutes ineffective assistance of counsel.

A review of the record reveals that defense counsel made appropriate motions and objections, vigorously cross-examined the People's witnesses, and strenuously argued the defendant's position to the jury *(see, People v Speight,* 158 AD2d 729). Moreover, defense counsel was able to convince the jury to acquit the defendant of the charges other than manslaughter in the second degree *(see, People v Fuentes,* 111 AD2d 766).

We find the defendant's assertion regarding the failure of trial counsel to call an expert on "battered woman syndrome"

meritless. Counsel did raise prior abuse as part of the defendant's justification defense. However, even assuming that such abuse occurred, there is nothing before us to indicate that, prior to trial, the defendant (or any other person) informed her attorney, expressly or by implication, that when she acted she had *believed herself to be in mortal peril* with no other option available. There is no showing that the attorney knew that the decedent had previously threatened, either verbally or otherwise, to use deadly physical force and that the defendant could not escape (Penal Law § 35.15 [2] [a]; *compare, People v Ciervo,* 123 AD2d 393; *People v Emick,* 103 AD2d 643; *People v Torres,* 128 Misc 2d 129). Under these circumstances counsel had no reason to conclude that "battered woman syndrome" was potentially important to the justification defense, nor, relatedly, that an expert thereon might be able to establish that defendant was justified in resorting to deadly physical force. Accordingly, and in view of an otherwise concededly effective defense, we hold that the constitutional requirement of effective assistance of counsel was met *(People v Baldi,* 54 NY2d 137).

We have examined defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.