■ In the Matter of ALENE DINGMAN, Appellant, v THOMAS PURDY, Respondent. [633 NYS2d 682] —Spain, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered January 11, 1994, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior temporary order of custody and awarded sole custody of the parties' minor child to respondent.

Petitioner and respondent are the parents of a child born on November 6, 1989. The child has been raised by petitioner, with respondent having visitation rights. Following a court determination that petitioner's mental illness incapacitated her parenting abilities, respondent received temporary custody pursuant to a Family Court order dated July 9, 1993. After a

hearing on all outstanding issues, Family Court awarded permanent custody to respondent with supervised visitation granted to petitioner. Petitioner appeals.

We affirm. It is petitioner's contention that she was denied her constitutional right to the effective assistance of counsel (*see,* US Const 6th, 14th Amends; NY Const, art I, § 6). Parties to a custody proceeding have a right to be represented by counsel (Family Ct Act §§ 261, 262). "Such right would be meaningless unless the assistance of counsel is effective" (*Matter of De Vivo v Burrell,* 101 AD2d 607; *see, Matter of Omar B.,* 175 AD2d 834, 835). Petitioner urges that counsel's failure to call certain mental health experts to testify at the custody hearing destroyed a basis for granting her custody upon which Family Court could have relied. However, petitioner's counsel was able to introduce the favorable doctors' reports into evidence without subjecting the doctors' findings to rigorous cross-examination. In our view, counsel exercised her professional judgment in not calling these witnesses (*see, People v Rivera,* 71 NY2d 705, 709). Further, there is no proof that petitioner "suffered actual prejudice as a result of the claimed deficiencies, which is a necessary prerequisite to a finding of ineffective assistance of counsel" (*People v Frascatore,* 200 AD2d 860, 861). Petitioner's counsel made appropriate motions and objections; she also vigorously cross-examined respondent's witnesses (*see, People v Rollock,* 177 AD2d 722, *lv denied* 79 NY2d 923). Viewed in its totality, the record reveals that petitioner was provided with meaningful and constitutionally competent legal representation.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.