In the Matter of CHRISTOPHER F., an Infant. AGNES G. et al., Respondents; TY H., Appellant. [639 NYS2d 166] —Yesawich Jr. J.

At the age of 14, respondent gave birth to a son, Christopher F., who is the subject of this proceeding. When Christopher was less than a year old, he and respondent began living with petitioners, who are Christopher's paternal grandparents. Two years later, respondent left petitioners' residence and filed a petition seeking custody of her son; petitioners cross-petitioned for custody. Thereafter, a stipulation was entered awarding joint custody to respondent and petitioners, placing Christopher with the latter, and establishing liberal visitation for respondent that was tailored to accommodate her school schedule.

Despite the fact that she attended school just three blocks from petitioners' home, and was observed walking by the house on several occasions, respondent did not exercise her regular afternoon visitation with Christopher, nor did she avail herself of the opportunity for weekend overnight visits. Rather, her encounters with her son were limited to brief holiday visits of less than two hours' duration, two or three times a year, over the ensuing two years and nine months. Even during a six month period when she lived just three houses away from petitioners on the same street, respondent did not exercise her visitation rights with any regularity.

When Christopher was 5 1/2 years old, petitioners petitioned to adopt him and sought to dispense with respondent's consent on the ground that she had abandoned her son (see, Domestic Relations Law § 111 [2] [a]).* Respondent thereafter filed for modification of the earlier custody order, seeking sole custody of Christopher, and answered the adoption petition, denying the allegations of abandonment and asserting that petitioners had interfered with her efforts to visit with the child. Following a fact-finding hearing, Surrogate's Court found that respondent had abandoned Christopher, and this appeal ensued.

Respondent contends that reversal is warranted because she was not effectively represented in connection with her opposition to the allegations of abandonment (see, Family Ct Act §§ 261, 262 [a] [vii]). The record indicates, however, that effec-

---

* Christopher's father has consented to the adoption.

tive assistance of counsel was indeed furnished. It discloses that her attorney provided adequate and meaningful representation at the hearing, advancing what could have reasonably been considered the most persuasive arguments in respondent's favor, and pursuing lines of questioning that were likely to yield helpful testimony, while avoiding those that were irrelevant or might prove damaging, on both direct and cross-examination. Her overall strategy of focusing on the logistical impediments to respondent's exercise of her visitation, rather than the allegations of interference by petitioners, represented a reasonable approach which cannot be condemned merely because it did not prove fruitful (*see, People v Satterfield,* 66 NY2d 796, 799-800). Nor can she be faulted for failing to call respondent's mother and stepmother as witnesses, for their affidavits manifest that neither had any personal knowledge of the relevant facts (*cf., Matter of Dingman v Purdy,* 221 AD2d 817, 818). As for counsel's opening and closing statements, though brief, they were not inappropriate, given the relatively clearcut issues and the brevity of the entire hearing (*cf., People v De Fina,* 213 AD2d 665, 666, *lv denied* 85 NY2d 971).

The failure to request, or insist upon, the appointment of a Law Guardian was likewise not improper, for the issue of abandonment turned on respondent's conduct and the factors that may have affected her activities; the child's best interest is not an ingredient of the relevant analysis (*see, Matter of Corey L. v Martin L.,* 45 NY2d 383, 391; *Matter of Amanda,* 197 AD2d 923, 924, *lv denied* 82 NY2d 662). In sum, the representation accorded respondent, when considered as a whole, satisfied the constitutional requirement (*see, People v Baldi,* 54 NY2d 137, 146-147). To the extent that her brief may be construed as raising additional arguments, they too have been considered and found meritless.

Mercure, J. P., Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.