■ In the Matter of DANNY WILLIAMS, Appellant, v VALORIE MACDOUGALL, Respondent. [639 NYS2d 970] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered November 29, 1994, which denied petitioner's application and granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties are the parents of a child born in May 1992. By order entered November 9, 1992, Family Court awarded the

---

parties joint custody of their child, with primary physical custody to respondent and liberal visitation to petitioner. Primarily contending that respondent had denied him reasonable visitation with the child, in March 1994 petitioner filed separate petitions alleging respondent's violation of Family Court's custody order and seeking to modify it so as to grant him sole custody. In April 1994, respondent filed three petitions alleging petitioner's violation of the November 1992 order and seeking to modify it so as to grant her sole custody and to allow petitioner supervised visitation only. The matters came on for a fact-finding hearing in September 1994, at the conclusion of which Family Court entered an order which, among other things, awarded respondent sole custody of the child and permitted petitioner unsupervised visitation every other Sunday.

The only issue raised on petitioner's appeal, that he was deprived of effective assistance of counsel at the fact-finding hearing (*see, Matter of Dingman v Purdy*, 221 AD2d 817; *Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753; *Matter of De Vivo v Burrell*, 101 AD2d 607), is wholly fallacious. Petitioner's claims of error are devoid of merit and in any event revolve around the admission of evidence that was so innocuous as to permit no possible claim of prejudice (*see, Matter of Dingman v Purdy, supra*). Contrary to petitioner's assertions, the record reveals that he was provided with reasonably competent and thus meaningful legal representation at the fact-finding hearing (*see, People v Baldi*, 54 NY2d 137, 146-147; *Matter of Dingman v Purdy, supra*).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.