■ In the Matter of the Claim of MAUREEN CARRARA, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [660 NYS2d 205] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, rendered July 26, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant and her spouse resided in different cities while she worked and her husband attended college. After the birth of their child, claimant left her employment and moved in with her husband, reportedly for financial reasons. Claimant's application for unemployment insurance benefits was denied on the ground that she voluntarily left her employment without good cause. Following a hearing on October 29, 1992, an Administrative Law Judge (hereinafter ALJ) found in favor of claimant and awarded her benefits. The employer appealed this determination and the Unemployment Insurance Appeal Board rescinded the ALJ's decision and directed that an additional hearing be held to further develop the record. In its decision, the Board ordered the ALJ to "render a new decision which shall be based on the entire record in this case, including the testimony from the original and from the remand hearings". Following the second hearing on March 30, 1994, a different ALJ rendered a decision in favor of the employer. The

Board adopted the ALJ's findings and opinion and sustained the initial determination.

Initially, we must note that, according to a letter from respondent, the complete record of the hearings and other pertinent documents germane to this matter are no longer available. While respondent reconstructed the majority of the jurisdictional and evidentiary documents, the fact remains that the transcript of the October 29, 1992 hearing is not included in the record and, consequently, all of the pertinent material before the Board in rendering its decision is not before us. Claimant has raised a due process argument and, under the circumstances, we cannot conclude that "the reconstructed record [is] adequate for [our] review" (*Spillman v Spillman*, 49 NY2d 745, 747). Thus, we are constrained to remit the matter for a hearing de novo.

Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that the decision is reversed, on the law, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.