■ In the Matter of JACK K. MEYERS, Appellant, v LANETTE J. HALLADAY, Respondent. [662 NYS2d 877] —Order unanimously reversed on the law without costs, petition granted and cross petition denied. Memorandum: Family Court erred in awarding custody of the parties' child to respondent mother. While the custody determination of the trial court is afforded great deference because it is "in the best position to evaluate the character and credibility of the witnesses" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 956; *see, Eschbach v Eschbach*, 56 NY2d 167, 173), this Court need not defer to that determination where it "lacks a sound and substantial basis in the record and * * * is contrary to the weight of the credible evidence" (*Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76; *see, Fox v Fox*, 177 AD2d 209, 210). Here, the court failed to consider the extensive evidence of respondent's alcohol abuse in making its custody determination. The credible evidence established that respondent consumed excessive amounts of alcohol on a regular basis during the week and regularly drove while intoxicated. Respondent drank at times to intoxication in front of the child and on at least one occasion drove while intoxicated with the child in the car. Furthermore, respondent regularly left the child in the care of her mother, who also has an alcohol problem, and at the time of trial respondent was residing with a man who appeared to have a serious alcohol problem.

Abuse of alcohol by a parent is a significant factor to consider in making a custody determination (*see, e.g., Matter of Tammy G. v Kevin G.*, 217 AD2d 1008; *Matter of Mitchell v Mitchell*, 209 AD2d 845; *Ingalls v Ingalls*, 58 AD2d 1039). Because the court failed to consider the overwhelming evidence of respondent's alcohol abuse, its determination lacks a sound and substantial basis in the record. Based upon the factors set forth in *Eschbach v Eschbach* (*supra*, at 171-174), we conclude

that the best interests of the child would be better served by an award of custody to petitioner father. (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Custody.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.