■ In the Matter of CONSTANCE L. STARKEY, Respondent, v TIMOTHY STARKEY, Appellant. (Appeal No. 1.) [668 NYS2d 526] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from two orders of Family Court, one awarding custody of the parties' child to petitioner and the other denying his motion to vacate the custody order and for a trial de novo. Respondent contends that the court erred in granting petitioner's request to draw a negative inference from his invocation of his Fifth Amendment right when questioned about his bigamous Canadian marriage months before the trial. That contention is not preserved for our review (*see, Matter of Tracey v Tracey*, 235 AD2d 838, 839). In any event, even assuming, arguendo, that the court erroneously discredited all of the testimony of respondent based upon his refusal to answer

questions concerning his bigamous marriage, we conclude that the court's determination that an award of custody to petitioner is in the child's best interests has a sound and substantial basis in the record (*see, Fox v Fox*, 177 AD2d 209, 211-212; *cf., Matter of Meyers v Halladay*, 242 AD2d 887). The record contains numerous instances in which respondent, by his own testimony, demonstrated his propensities to lie and to place his interests over those of his children.

Respondent further contends that the court should have granted his motion to vacate the custody order because he was denied effective assistance of counsel. We disagree. "Parties to a custody proceeding have a right to be represented by counsel (Family Ct Act §§ 261, 262). 'Such right would be meaningless unless the assistance of counsel is effective' " (*Matter of Dingman v Purdy*, 221 AD2d 817, 818, quoting *Matter of De Vivo v Burrell*, 101 AD2d 607). Upon our review of the record, we conclude that respondent was provided with "meaningful and constitutionally competent legal representation" (*Matter of Dingman v Purdy, supra,* at 818). (Appeal from Order of Onondaga County Family Court, McCarthy, J.—Custody.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.