■ In the Matter of STEPHANIE JEMMOTT, Respondent, v DAVID JEMMOTT, Appellant. (And Other Related Proceedings.) [672 NYS2d 436] —Crew III, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered November 8, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties are the parents of three children born in 1989, 1990 and 1992. Following their apparent separation, petitioner and respondent executed a written stipulation on or about November 1, 1994 providing for joint custody of their minor children. Although respondent was granted physical custody of the children during certain designated periods set forth in the agreement, primary physical custody of the children remained with petitioner. Within weeks of executing this agreement, however, the first in a seemingly endless series of violation petitions was filed, ultimately prompting the parties to file their respective applications for sole custody.

Family Court thereafter held hearings on the violation petitions and the respective custody applications on various dates between January 1995 and August 1995. After reviewing, *inter alia*, the report prepared by the Law Guardian and considering the extensive testimony offered, Family Court concluded that joint custody was no longer a viable alternative for the parties and awarded petitioner sole custody of the minor children with liberal visitation to respondent. This appeal by respondent ensued.

We affirm. The parties do not dispute that the joint custody arrangement agreed to in November 1994 no longer is appropriate and even a cursory review of the record, including the multiple violation petitions filed, plainly demonstrates that the parties' relationship indeed has deteriorated to the point where they simply cannot work together in a cooperative fashion for the good of their children (*see, e.g., Matter of Brown v Skalwold*, 228 AD2d 749, 750-752, *lv dismissed* 89 NY2d 860). As the record establishes that there has been a sufficient change in circumstances to warrant modification of the parties' prior custody arrangement (*see, Matter of Williams v Williams*, 188 AD2d 906, 907), the question then becomes to whom custody of the minor children should be awarded.

"It is beyond dispute that the primary consideration in any custody matter is the best interest of the child" (*Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889 [citation omitted]). In reaching such a determination here, Family Court was required to weigh and consider a number of relevant factors, "including the quality of the respective home environments, the length of time the [prior] custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide [their children's] intellectual and emotional development" (*Matter of Williams v Williams, supra,* at 907).

Based upon our review of the record as a whole, we cannot say that Family Court's decision to award sole custody to petitioner lacks a sound and substantial basis in the record. The record fully supports Family Court's finding that petitioner is the children's primary caregiver, and although the "prior custody arrangement is not determinative it is * * * a weighty factor to consider" (*id.,* at 908). We have considered respondent's arguments to the contrary and find them to be unpersuasive. Accordingly, Family Court's order is affirmed.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.