■ In the Matter of JEFFREY LAMIRANDE, Respondent-Appellant, v JUDY LAMIRANDE, Appellant-Respondent. [674 NYS2d 224] —Amended order unanimously affirmed without costs. Memorandum: Petitioner appeals and respondent cross-appeals from an order of Family Court denying the petition for a modification of custody and directing respondent, the custodial parent, to refrain from smoking or drinking alcoholic beverages in the presence of the children. Following entry of that order, the court issued a "Resettled Order", which restricted the ban on smoking and drinking to respondent's house and car. Because the "Resettled Order" contains a substantive modification, it constitutes an amended order, and the proper appeal is from the amended order (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051; 10 Carmody-Wait 2d, NY Prac § 70:28, at 46). Although no appeal was taken from the amended order, we exercise our discretion to treat the appeal and cross appeal as taken from the amended order (*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

The record does not support petitioner's contention that, by restricting proof on the issue of custody to events that occurred subsequent to the parties' 1994 stipulation awarding custody to respondent, the court placed undue reliance upon that agreement. Moreover, the bench decision of the court does not mention the prior agreement or suggest that it was a significant or controlling factor in its decision. We reject the contention that petitioner was denied effective assistance of counsel (*see, Matter of Starkey v Starkey* 247 AD2d 894).

The court did not abuse its discretion in denying the petition for a change of custody. The court considered those factors relevant to a change of custody in this case and concluded that, with the addition of a direction regarding smoking and drinking alcoholic beverages in respondent's home and car, a continuance of custody with respondent is in the best interests of the children. That determination is entitled to considerable deference (*see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Klat v Klat,* 176 AD2d 922, 923), and we perceive no basis in the record to disturb it.

Lastly, the court did not abuse its discretion in directing respondent to refrain from smoking or drinking alcoholic bever-

ages in her home or car when in the presence of the children (*see,* Family Ct Act § 656 [e]; *Matter of Lizzio v Jackson,* 226 AD2d 760, 761; *cf., Matter of Mongiardo v Mongiardo,* 232 AD2d 741). (Appeals from Amended Order of Oswego County Family Court, McCarthy, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.