■ LISE D. ULMER, Appellant-Respondent, v GEORGE A. ULMER, Respondent-Appellant. [678 NYS2d 685] —Carpinello, J. Cross appeals from a judgment of the Supreme Court (Lang, Jr., J), entered June 12, 1997 in Rensselaer County, which, *inter alia*, awarded sole legal and primary physical custody of the parties' child to defendant.

The parties were married in June 1982 and have a son born in 1991. In March 1995, plaintiff filed an action for divorce. Shortly thereafter, the parties entered into a "permanent" Family Court stipulation and order providing for joint legal and equal physical custody of the child. At the trial of the divorce action, however, the parties litigated child custody and equitable distribution. Supreme Court, agreeing with the Law Guardian's recommendation, awarded defendant sole legal and primary physical custody and granted plaintiff supervised visitation only. In addition, the court issued an order of protection prohibiting plaintiff from allowing Shane Klein, plaintiff's live-in boyfriend, to have any contact with the child. Supreme Court awarded defendant child support in the amount of $68 per week and awarded plaintiff the proceeds from the sale of two cars and the family business, totaling $19,672.23. Both parties appeal.

Initially, we reject plaintiff's contention that the award of sole legal and primary physical custody of the parties' son to defendant was error. An established custody arrangement can be altered "upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Matter of Carpenter v La May*, 241 AD2d 625, 626). Notably, a sufficient change of circumstances can be established where, as here, the relationship between joint custodial parents deteriorates "to the point where they simply cannot work together in a cooperative fashion for the good of their children" (*Matter of Jemmott v Jemmott*, 249 AD2d 838, 839; *see, Matter of Fedash v Neilsen*, 211 AD2d 1003, 1004). When joint custody is no longer feasible, the issue then becomes to whom custody of the minor child should be awarded.

Custody determinations "involve inquiry into, among other things, each parent's past performance, stability, fitness, home environment and ability to guide the child's intellectual and emotional development" (*Matter of Van Hoesen v Van Hoesen, supra*, at 903). Regardless of plaintiff's contention that prejudicial hearsay statements were admitted at trial, there was sufficient evidence for Supreme Court to conclude that a change of custody in defendant's favor was appropriate. It was uncontradicted that defendant was able to provide a stable home for the child so as to foster his intellectual and emotional growth. In contrast, plaintiff was financially unstable and unwilling to cooperate with defendant in promoting the child's development and in providing a stable home life. In addition, Klein conceded to having made derogatory remarks about defendant in front of the child without any objection from plaintiff. Given this and other evidence in the record and with due deference to Supreme Court's opportunity to observe the testimony and make credibility determinations, we conclude that the award of sole legal and primary physical custody to defendant had a sound and substantial basis in the record (*see, Matter of Farnham v Farnham*, 252 AD2d 675; *Matter of Jemmott v Jemmott, supra*).

Turning to the issue of visitation, however, we agree with plaintiff that it was an abuse of discretion to limit her to supervised visitation. In this instance, neither the parties nor the Law Guardian appear to have requested home studies or a psychological evaluation of the child, nor did Supreme Court conduct an in camera interview. Thus, there is no proof that plaintiff had failed to bond with her son or that the exceedingly restrictive remedy of supervised visitation "was indicated

because of the detrimental impact of her behavior on the child[ ]" (*Matter of Rauschmeier v Rauschmeier*, 237 AD2d 702, 703; *see, e.g., Matter of Middleton v Middleton*, 252 AD2d 689). There was no substantive testimony that the child was injured in plaintiff's care.* Of greater significance was the testimony of the child's kindergarten teacher who stated that the boy was well-adjusted and happy and showed no change in his behavior at school regardless of which parent had custody during a given week when the parties were alternating custody. The teacher also indicated that the boy was always clean, appropriately dressed and that both parents attended parent-teacher conferences and aided him with his school work. Other than plaintiff's financial irresponsibility, the only substantive allegation relating to her parenting abilities concerned her admitted failure to prevent Klein from disparaging defendant in her son's presence.

Accordingly, this matter must be remitted to Supreme Court for the purpose of fashioning a reasonable unsupervised visitation schedule for plaintiff and her son. As for Supreme Court's blanket order of protection banning plaintiff from allowing Klein any contact with the child, it is our view that the order must be modified to impose a more balanced restriction prohibiting plaintiff from denigrating defendant or allowing others to do so in the child's presence during his minority (*see*, Domestic Relations Law § 240 [3]). Other than disparaging defendant, there was no proof that the child was ever abused or neglected while under Klein's supervision such that the child's welfare was adversely affected (*see, Matter of Hess v Pedersen*, 211 AD2d 1000, 1001).

Next, plaintiff contends that she was not afforded effective assistance by her retained counsel. Her attorney raised appropriate objections, elicited favorable testimony on cross-examination and made appropriate remarks in closing and in arguing the applicable law. Under the totality of the circumstances, plaintiff was provided with "meaningful and constitutionally competent legal representation" (*Matter of Dingman v Purdy*, 221 AD2d 817, 818; *see, Matter of Starkey v Starkey*, 247 AD2d 894, 895, *lv denied* 1998 WL 224572 [App Div, 4th Dept, Apr. 29, 1998]).

Regarding plaintiff's challenge to Supreme Court's child support calculation, we note that in making this award the court

---

* Supreme Court made a finding that plaintiff regularly exposed her son to "life threatening" situations apparently based only upon the testimony of a disgruntled former employee of Klein who testified that plaintiff allowed her son to walk unescorted through a room containing sewing machines.

found that plaintiff failed to comply with a subpoena, did not provide current evidence of income and was "untruthful and evasive in her responses to questions at trial". As such, the court imputed an income of $400 per week, representing her most recent salary. Although plaintiff maintains that this award was unduly speculative, it was plaintiff who failed to comply with court directives regarding her gross income (see, Domestic Relations Law § 240 [1-b] [k]) and, given plaintiff's recalcitrance, we find no abuse of discretion, particularly since income may be imputed based upon earning potential (see, Brodsky v Brodsky, 214 AD2d 599, 600). Nonetheless, since defendant did not request temporary sole physical custody until the end of trial, we do agree with plaintiff that it was error to make this award retroactive to a date preceding the end of trial (see, Domestic Relations Law § 236 [B] [7] [a]). Accordingly, the judgment must be so modified.

With respect to defendant's cross appeal, we find no abuse of discretion in Supreme Court's distribution of marital assets. Supreme Court properly noted the factors it considered, including defendant's higher earning potential, in making its decision (see, Domestic Relations Law § 236 [B] [5] [d]; see also, Monette v Monette, 177 AD2d 802, 802-803).

The parties' remaining arguments, including plaintiff's challenge to the adequacy of the Law Guardian's representation, have been examined and found unpersuasive.

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded defendant retroactive child support prior to the end of trial, provided for an indefinite order of protection and determined that plaintiff's visitation with her son be supervised; order of protection modified so as to prohibit plaintiff from disparaging defendant or allowing others to do so during the child's minority and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.