■ In the Matter of LAWRENCE B. GEE, JR., Respondent, v JUNE BROTHERS, Appellant. [700 NYS2d 521] —Mikoll, J. P. Appeal from an order of the Family Court of St. Lawrence County (Catena, J.), entered June 15, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of one of the parties' children.

The parties married in 1981 and divorced in 1992. Two of their three children, Michelle (born in 1981) and Amber (born in 1985), have resided with petitioner since 1992. This proceeding involves the youngest child, Andrew, who was born in 1987, has hearing and sight impairments and is enrolled in special education classes. In April 1993, Family Court awarded the parties joint custody of Andrew with physical residence with respondent. Respondent remarried in 1994 and now has two additional children.

By petition filed in September 1997 and amended in March 1998, petitioner sought modification of Family Court's prior joint custody order alleging, *inter alia*, that respondent and her new husband verbally and emotionally abused Andrew, failed to maintain minimum standards of cleanliness in their home and engaged in a variety of other conduct detrimental to the well-being of the child. A hearing ensued, following which Family Court awarded sole custody of Andrew to petitioner based on its finding that he was the more fit parent and consequently the transfer would be in the child's best interest. Respondent appeals.

Justification for the alteration of an established custody arrangement will be found where evidence of changed circumstances establishes that such a modification is necessary to promote the best interest and welfare of the child (*see, Matter of Duffy v Duffy*, 260 AD2d 960; *Matter of Barnhart v Coles*, 254 AD2d 645). Among the relevant factors in such a determination are the relative fitness and stability of the parents and their home environment, as well as their respective abilities to provide intellectual and emotional guidance and nurturing to the child (*see, Matter of Duffy v Duffy, supra; see also, Eschbach v Eschbach*, 56 NY2d 167, 172). Contrary to respondent's assertions on appeal, Family Court properly articulated and

applied these standards, and the record presents a sound and substantial basis for its determination.

The hearing testimony established serious deficiencies in respondent's parental fitness, stability and domestic environment. Respondent and Neil Brothers, her present husband, readily acknowledged that they regularly throw toys, shoes and plastic bottles at Andrew to get his attention. They also admitted calling Andrew (and each other) derogatory and obscene names (of which "retard" is one of the more benign examples) as a matter of everyday parlance, and that Andrew has begun to "return the compliments". Brothers testified that respondent several times told Andrew she wished he would "come home in a pine box". The testimony established that strife and turbulence reigned in respondent's household, frequently involving Andrew as an active participant, and was not always limited to verbal altercations.

The evidence also revealed that respondent moved frequently, having lived within three different school districts in a year. When the probation officer visited the mobile home occupied by respondent, Brothers, Andrew and two other children, she found it minimally furnished and extensively cluttered with mattresses, clothes, toys and other items. Although the home contained three bedrooms, only two were used as such; the third bedroom was used for storage and was so full that entry was impossible. The probation officer noted that the conditions in the home constituted a possible fire hazard and, although the visit was conducted on December 16, 1997, "there was no sign that Christmas was approaching". By the time of the hearing four months later, respondent had moved again, this time into a two-bedroom unit where Andrew usually slept on the couch. She testified that she was again in the process of looking for another residence. Neither respondent nor Brothers was employed.

Petitioner, in contrast, offered testimony that he had occupied his present residence for 1½ years and intended to stay there. His single-family home contained three bedrooms, one occupied by petitioner, one shared by his two daughters and one for Andrew. The probation officer described the home as "adequately furnished and housekeeping standards were good". Petitioner has worked for the Department of Transportation in the summer months and operates his own snow-plowing and landscaping business during the winter. In contrast to testimony indicating that respondent had considerable difficulty successfully disciplining Andrew, and Brothers had ceased all attempts to do so, petitioner described his use of ap-

propriate discipline methods. The evidence supports Family Court's finding that petitioner can afford Andrew a more stable and nurturing home environment, rendering a change in custody in the child's best interest.

We also reject respondent's claim that she was denied the effective assistance of counsel. Prior to the hearing, respondent's attorney moved to be relieved of her representation based on respondent's lack of cooperation in preparing a defense to the petition. Counsel cited respondent's repeated refusal to schedule a personal interview or make herself available for a telephone conference, her failure to provide notes and other detailed information requested by counsel to assist in addressing the specific allegations of the petition, and her failure to keep counsel informed of her several changes in address and telephone number.* Family Court denied the application and the hearing proceeded.

Respondent now claims that her counsel did not provide adequate representation in that she failed to call witnesses, introduce exhibits, properly elicit relevant testimony or stress the prior order granting physical placement to respondent. We are not persuaded. The record discloses that despite the limitations imposed by respondent's own lack of cooperation, her attorney provided vigorous and effective representation, which included numerous successful objections, cross-examination eliciting respondent's positive attributes and petitioner's deficiencies, and questioning the reliability of the adverse probation department investigation. Counsel also made appropriate arguments for dismissal of the petition at the close of petitioner's case and in her closing statement.

As to counsel's failure to call witnesses, we note that respondent and her husband, presumably the two witnesses most essential to respondent's case, were called by petitioner. We are fully satisfied that respondent received competent representation (*see, Ulmer v Ulmer*, 254 AD2d 541, 543; *Matter of Dingman v Purdy*, 221 AD2d 817, 818).

Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that the Law Guardian experienced similar difficulties in securing respondent's cooperation with his efforts to meet with Andrew.