■ In the Matter of RONALD MOREAU, Respondent, v DIANE SIRLES, Appellant. [701 NYS2d 745] —Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered October 22, 1998, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

On December 6, 1996 the parties—who are parents of a daughter (born in 1995)—stipulated in open court to joint custody. According to the shared placement agreement, to

which the child's Law Guardian consented, the child would be in the physical custody of petitioner every week from 7:00 P.M. Thursday through 7:00 A.M. Monday with respondent having physical custody the remainder of the week plus one Sunday morning each month. Family Court made a detailed custody order dated and entered January 14, 1997 reflecting the terms of the stipulation.

In January 1998 petitioner filed a custody modification petition seeking sole custody alleging respondent's violations of the custody order by, *inter alia,* refusing to permit petitioner access to the child during petitioner's designated periods of physical custody. After a full hearing, Family Court granted the modification petition, awarding sole custody of the child to petitioner. Respondent appeals.

We affirm, finding sufficient evidence in the record to support Family Court's determination. "[A]lteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903; *see, Matter of Thompson v Thompson,* 267 AD2d 516, 517-518). Significantly, "a sufficient change of circumstances can be established where * * * the relationship between joint custodial parents deteriorates 'to the point where they simply cannot work together in a cooperative fashion for the good of their children'" (*Ulmer v Ulmer,* 254 AD2d 541, 542, quoting *Matter of Jemmott v Jemmott,* 249 AD2d 838, 839, *lv denied* 92 NY2d 809). "Family Court's factual findings are generally accorded great deference and will only be disturbed if they lack a sound and substantial basis in the record since it is in the best position to assess the credibility of witnesses" (*Matter of Russo v Russo,* 257 AD2d 926, 927).

Here, there was uncontroverted testimony that on several occasions petitioner unilaterally and unjustifiably denied respondent access to the child under the terms of the January 1997 order, including two three-month periods in the 14 months following that order. Inasmuch as the record amply demonstrates that respondent's refusal to comply with the 1997 order was largely without cause, and that the parties' relationship is such that they cannot meaningfully communicate regarding the child's welfare, Family Court properly concluded that the child's interests were no longer served by the prior custody arrangement (*see, Ulmer v Ulmer, supra,* at 542; *Matter of Jemmott v Jemmott, supra,* at 839; *compare, Matter of Thompson v Thompson, supra*).

In addition, respondent's contention that she is the more fit parent because she does not work outside the home is unpersuasive. "[A] custody determination cannot be based upon any unfounded presumption that a father is a less than satisfactory parent because he is employed while the mother is unemployed" (*Matter of Bogert v Rickard*, 199 AD2d 587, 588-589; *see, Matter of Bryant-Bosshold v Bosshold*, 232 AD2d 762, 763; *Young v Young*, 212 AD2d 114, 124-125). Here, the record reveals that petitioner is a devoted father who is actively engaged in the care of the child when he is not working and that his mother and unemployed live-in girlfriend care for the child when he is at work. Significantly, respondent does not challenge the ability or willingness of these persons to care for the child. In our view, there is substantial record support for Family Court's conclusion that petitioner is a fit parent despite his heavy work schedule.

Respondent's contention that Family Court based its determination on "an incomplete review" of the relevant factors (*see, Matter of Royea v Hutchings*, 260 AD2d 678, 679-680; *Ulmer v Ulmer, supra*, at 542) is patently belied by the court's well-reasoned decision, which thoroughly discusses the factors and the related record facts. Regarding the issue of stability, the record reveals that, in the two years preceding the hearing, respondent moved three times, briefly lived with a boyfriend and gave birth to her fourth child by the father of her second child. Based on this evidence, Family Court could readily conclude that respondent could not offer the child the same degree of stability as petitioner (*see, Matter of Russo v Russo, supra*, at 927-928). Indeed, the modification order finds sound and substantial support in the record (*see, id.*, at 927) and is in the child's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167, 171).

Finally, we reject respondent's contention that her counsel was ineffective based upon counsel's failure to call witnesses and elicit testimony regarding respondent's "superior" suitability and stability as a parent. Notably, respondent fails to specify any potential witnesses who might have supported her in this regard. Similarly, respondent offers no basis on which counsel could have more effectively cross-examined petitioner. Thus, respondent has not demonstrated that she " 'suffered actual prejudice as a result of the claimed deficiencies, which is a necessary prerequisite to a finding of ineffective assistance of counsel' " (*Matter of Dingman v Purdy*, 221 AD2d 817, 818, quoting *People v Frascatore*, 200 AD2d 860, 861; *see, Matter of Thompson v Jones*, 253 AD2d 989, 990). In our view, respon-

dent was provided with meaningful and competent representation (*see, Ulmer v Ulmer, supra,* at 543; *Matter of Williams v MacDougall,* 226 AD2d 782, 783).

Mercure, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.