■ TIBIAN ABRAMOVITZ, Respondent, v SILVIA BERCOVICI, Appellant. [718 NYS2d 64] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered May 19, 2000, which, insofar as appealed from as limited by the briefs, set plaintiff's child support obligation at $5,858 a year, valued plaintiff's medical license at $332,182, awarded defendant no share of plaintiff's medical practice and permitted plaintiff to be sole custodian of the parties' daughter's Uniform Gift to Minors Act (UGMA) accounts, unanimously affirmed, without costs.

The trial court properly calculated plaintiff's child support obligation based on defendant's income as shown in her net worth statement submitted seven years earlier on her motion for pendente lite relief, where she repeatedly failed to produce the current financial information necessary to make the calculation. Since defendant offered no other basis for ascertaining a ratio reflecting the parties' current earnings, she will not now be heard to complain that the ratio fixed by the court reflects outdated information (*see, Ulmer v Ulmer*, 254 AD2d 541, 543-544). The trial court was not required to adopt a higher figure initially proposed by plaintiff before the extent of

defendant's recalcitrance could be fully appreciated. The trial court also properly valued plaintiff's medical license by choosing the one of three options provided by the neutral court evaluator that best reflected plaintiff's actual net earnings. The record does not support defendant's claims that plaintiff used joint funds to establish his medical practice, such as might entitle her to a share of that practice, and that joint custodianship of the UGMA accounts is necessary to ensure their safety and solvency. Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.