■ In the Matter of Cynthia L. Thompson, Appellant, v Robert E. Gibeault, Jr., Respondent. [760 NYS2d 580] —Crew

III, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered November 29, 2001, which granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

By order entered November 18, 1998, the parties were granted joint legal and physical custody of their child, Arielle (born in 1996). Thereafter, in or about December 1999, petitioner sought sole legal and physical custody of the child and permission to relocate to Texas. By order entered July 10, 2000, Family Court denied petitioner's application and continued the joint custody arrangement with primary physical custody to petitioner.

Beginning in May 2001, the parties raised a number of allegations regarding mistreatment that Arielle allegedly had suffered while in each other's care.* In response, various petitions and cross petitions for custody of the child were filed, and Family Court directed that the parties and the child undergo a series of evaluations. Ultimately, the matter proceeded to trial in November 2001, at the conclusion of which Family Court granted respondent's application and awarded respondent sole legal and physical custody of Arielle with limited visitation to petitioner. This appeal by petitioner ensued.

We affirm. Before addressing the specific arguments raised by petitioner, which do not warrant extended discussion, we note that even a cursory review of the record reveals that Family Court was faced with the difficult task of sorting through the myriad of allegations concerning misdeeds allegedly committed against Arielle by the parties and/or members of their respective families. This task was made more difficult by the fact that the court was dealing with a child of tender years who, Family Court appropriately concluded, had been extensively coached by petitioner. Given Family Court's lengthy history with the parties and the court's superior vantage point of observing the demeanor of the witnesses who testified before it, we are not inclined to disturb the credibility determinations made by Family Court in resolving the underlying custody issue.

Turning to the specific arguments raised by petitioner, we initially reject her contention that Family Court rendered its decision and order in this matter prior to the conclusion of the

---

* For example, petitioner alleged that Arielle had returned from a visit with respondent with a burn on her nose, which purportedly occurred when the child's paternal grandmother burned the child with a curling iron, and respondent contended that Arielle had been sexually abused by petitioner's then boyfriend.

trial testimony. While there indeed appears to be a typographical error in the dating of Family Court's decision, it is readily apparent from a review of both that document and the transcript of the last day of trial that Family Court did not render its decision as to custody until the close of all proof. Accordingly, petitioner's argument on this point is meritless.

Nor are we persuaded that Family Court's custody determination lacks a sound and substantial basis in the record as a whole (*see generally Matter of Meola v Meola*, 301 AD2d 1020, 1021-1022 [2003]). Contrary to petitioner's assertion, the record reflects that Family Court indeed considered the allegations of domestic violence, as evidenced by the court's finding that respondent struck petitioner in 1995. This incident and the remainder of petitioner's allegations, however, had to be balanced against the testimony offered by Patrick Cavanagh, the psychologist who conducted the court-ordered evaluation of Arielle and the parties. In this regard, Cavanagh testified that petitioner, who apparently had been abused as a child, was a very fearful individual who, in turn, projected her fear and mistrust onto respondent. Although petitioner plainly feels that greater emphasis should have been placed upon the domestic violence issue, we cannot say, based upon our review of the record as a whole, that Family Court erred in failing to make this particular issue the cornerstone of its custody determination.

Finally, the record does not support petitioner's claim of ineffective assistance of counsel. To be sure, parties to a custody proceeding have a right to be represented by counsel (*see* Family Ct Act §§ 261, 262), and this right plainly would be meaningless unless the assistance of counsel is effective (*see Matter of Dingman v Purdy*, 221 AD2d 817, 818 [1995]). In this regard, although petitioner contends that counsel failed to call certain witnesses to testify, the case law makes clear that "[t]he failure to call a particular witness does not necessarily constitute ineffective assistance of counsel" (*Matter of Hudson v Hudson*, 279 AD2d 659, 661 [2001]). And, as the transcript of the trial reveals that counsel actively cross-examined respondent's witnesses and offered appropriate objections, we cannot say that petitioner was not provided "with reasonably competent and thus meaningful legal representation" (*Matter of Williams v MacDougall*, 226 AD2d 782, 783 [1996]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.