■ In the Matter of JOSEPH MICHAEL C., III, a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN C., Appellant. (Proceeding No. 1.) In the Matter of PENELOPE LYNN C., a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN C., Appellant. (Proceeding No. 2.) [784 NYS2d 894]—In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Suffolk County (Pach, J.), entered December 2, 2002, as,

after a hearing, found that she had permanently neglected the subject children, and two dispositional orders of the same court entered December 20, 2002 (one as to each child), which, after a hearing, and upon a decision of the same court entered December 18, 2002, terminated her parental rights and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption. The notice of appeal from the decision is deemed to be a notice of appeal from the orders of disposition (*see* CPLR 5512 [a]).

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition; and it is further,

Ordered that the orders of disposition are affirmed, without costs or disbursements.

There is no merit to the mother's claim that she was denied the effective assistance of counsel (*cf. People v Ransome,* 207 AD2d 504 [1994]; *People v Rollock,* 177 AD2d 722 [1991]; *People v Baldi,* 54 NY2d 137 [1981]).

Furthermore, the Family Court providently exercised its discretion in declining to issue a suspended judgment (*see* Family Ct Act §§ 631 [b], 633; *Matter of Maldrina R.,* 219 AD2d 723 [1995]; *Matter of Marie J.,* 307 AD2d 265 [2003]).

The mother's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.