■ In the Matter of DANIEL C., a Child Alleged to be Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CONNIE D., Respondent. (Proceeding No. 1.) In the Matter of DEBRA C., Appellant, v CONNIE D. et al., Respondents. (Proceeding No. 2.) (And Another Related Proceeding.) [810 NYS2d 227]—

Mercure, J.P. Appeal from an order of the Family Court of Warren County (Breen, J.), entered March 15, 2005, which, inter alia, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject child.

In October 2004, petitioner Warren County Department of Social Services (hereinafter DSS) temporarily removed the child

(born in 2004) from the custody of his mother, and commenced proceeding No. 1 pursuant to Family Ct Act article 10, alleging that she had neglected the child. After a fact-finding hearing at which the mother failed to appear, Family Court sustained the allegations. Although the father was incarcerated at that time, he was later released from prison and petitioned for custody of the child. In addition, petitioner Debra C. (hereinafter petitioner), the child's aunt, commenced proceeding No. 2 pursuant to Family Ct Act article 6, also seeking custody. Following a dispositional hearing, Family Court denied the petitions for custody and determined that the child's best interest would be served by his placement with DSS in foster care for a one-year period. Petitioner now appeals,* asserting that Family Court abused its discretion by failing to award custody to her. We disagree.

In any custody case, the primary consideration is the best interest of the child, and Family Court's factual findings in that regard will not be disturbed upon appeal unless they lack a sound and substantial basis in the record (*see e.g. Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]; *Matter of Schmidt v Schmidt*, 234 AD2d 465, 466 [1996], *lv denied* 89 NY2d 816 [1997]). Here, the record reflects that petitioner and her live-in boyfriend are both unemployed, disabled and unable to lift more than 15-20 pounds. A child protective services supervisor testified that petitioner's home was found to be dirty and unkempt during an unannounced visit. Although the child has asthma and is sensitive to cigarette smoke and animals, petitioner and her boyfriend keep a number of animals and are cigarette smokers. Under these circumstances, we conclude that there is a sound and substantial basis in the record for Family Court's conclusion that awarding custody to petitioner would not be in the child's best interest (*see Matter of Meyers v Halladay*, 242 AD2d 887, 887 [1997]; *Matter of Schmidt v Schmidt, supra* at 466; *cf. Matter of Harold EE. v Roger EE.*, 17 AD3d 730, 731 [2005]; *Matter of Fletcher v Young, supra* at 767; *see generally Matter of Breitung v Trask*, 279 AD2d 677, 679-680 [2001]).

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Both DSS and the Law Guardian state that the father violated his parole and has been returned to prison.