■ In the Matter of Veronica D. Cree, Appellant, v Shane W. Terrance, Respondent. (And Another Related Proceeding.) [865 NYS2d 711]—

---

Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered October 23, 2006, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the mother) commenced this proceeding seeking modification of a 2000 custody order which, on agreement by the parties, gave them joint legal custody of the children (born in 1994 and 1995), with primary physical custody to respondent (hereinafter the father) and scheduled parenting time for the mother. The mother's petition seeks to reverse the current arrangement, giving her primary physical custody with parenting time to the father. In October 2006, following a hearing, Family Court made an oral fact-finding decision and entered a dispositional order which, among other things, continued primary physical custody with the father and provided for suspension of the mother's parenting time if she resided with any males under the age of 18. Due to an audio recorder malfunction, the court's decision was not recorded. After a reconstruction hearing, the court issued a written fact-finding decision in January 2008. The mother now appeals from the October 2006 dispositional order, and we affirm.

Initially, we reject the mother's contention that Family Court's reconstruction of its oral fact-finding decision was inadequate. In a criminal case, the defendant is entitled to reversal and remittance following reconstruction of the lost minutes of a proceeding only where he or she establishes that the recon-

structed material does not "satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist" (*People v Glass*, 43 NY2d 283, 286 [1977]; *see People v Parris*, 4 NY3d 41, 46 [2004]). Here, in this Family Court proceeding, we are not dealing with lost minutes of testimony but, rather, the decision of the court at the conclusion of the proceeding. Upon discovering that its oral fact-finding decision was not recorded, the same Judge who rendered the decision held a reconstruction hearing and requested that each counsel submit his or her notes of the court's oral decision. The court then considered those submissions—along with the Court Clerk's notes and the court's own notes and recollection—in reconstructing that decision in a nine-page written document. Under these circumstances, it is the mother's burden to demonstrate that the reconstructed decision is deficient (*see People v Yavru-Sakuk*, 98 NY2d 56, 60 [2002]).

The mother clearly did not meet her burden. Contrary to her contentions, Family Court sufficiently discussed the factors applicable to this case, including—despite the father's unilateral move—the stability of the existing arrangement, the quality of the home environment, the length of the prior custody arrangement, the parties' respective ability to make appropriate parental decisions, and the children's stated preferences. Family Court's misstatements in its written decision of the names of two of the many people that the mother resided with prior to the hearing are immaterial to the court's findings. On the record before us, the mother's right to appeal was in no way compromised by the court's reconstructed decision (*cf. Matter of Carrara [Sweeney]*, 241 AD2d 716, 717 [1997]). In any event, anything lacking in Family Court's fact-finding can be overcome—where the hearing record is complete—by our independent review power, as our authority "in matters of custody is as broad as that of the Trial Judge" (*Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *see Matter of Titus v Guzzey*, 244 AD2d 684, 685 n [1997], *appeal dismissed* 91 NY2d 921 [1998], *cert denied* 523 US 1139 [1998]).

Turning to the merits, we find no basis upon which to disturb Family Court's decision to continue primary physical custody with the father. As a threshold matter, we find ample support for Family Court's determination that the father's move with the children from their long-term home in the Town of Massena, St. Lawrence County, to the Town of Malone, Franklin County, without consulting the mother—a move which increased the distance from her home, required a change of schools and resulted in the children being watched by a babysitter rather

then their paternal grandparents on a daily basis—constituted a sufficient change in circumstances to seek a review of whether the existing custody arrangement was in the best interests of the children (*see Matter of Robertson v Robertson*, 40 AD3d 1219, 1220 [2007]; *Matter of Wiedenkeller v Hall*, 37 AD3d 1033, 1034-1035 [2007], *lv denied* 8 NY3d 816 [2007]).

Several witnesses testified at the fact-finding hearing, creating numerous factual issues to be resolved by Family Court. Our independent review, according deference to Family Court as it is in the "best position to evaluate the credibility of the witnesses" (*Matter of Treider v Lamora*, 44 AD3d 1241, 1242 [2007], *lv denied* 9 NY3d 817 [2007]), confirms that the court's best interests determination is supported in the record. While both parents demonstrated steady employment, the court concluded that the mother was less likely to provide stability to the children's lives. This conclusion is supported by, among other things, evidence that the mother had moved at least five times since the 2000 custody order, residing in each separate dwelling with numerous different people, many of whom were not related to her (*see Matter of Robinson v Cleveland*, 42 AD3d 708, 709 [2007]; *Matter of Gee v Brothers*, 267 AD2d 786, 787 [1999], *lv denied* 94 NY2d 764 [2000]). Moreover, we fully concur with the court's finding that the record evidence of inappropriate behavior involving two separate teenage boys who resided in those dwellings demonstrates that the mother has exhibited poor parental judgment (*see Matter of Gast v Gast*, 50 AD3d 1189, 1190 [2008]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660-661 [2001]). In our view, such behavior borders on unfitness.

On the other hand, while Family Court acknowledged the father's parental failures, specifically noting his demonstrated lack of effort to keep the mother informed of issues related to the children's health care, the court concluded that the father was the parent who would continue to provide more stability and a better home environment for the children. While the mother had moved a number of times, the father had moved only once since the children were born and, given that the prior custody order had been in place for 5½ years, it was appropriate to give it weight in terms of the stability that arrangement has provided to the children (*see Matter of Vickery v Vickery*, 28 AD3d 833, 833-834 [2006]).

Under these circumstances, we hold that Family Court's decision and order, including the provision requiring suspension of the mother's parenting time if she resides with any male under the age of 18, have a sound and substantial basis in the record

and will not be overturned (*see Matter of Robinson v Cleveland*, 42 AD3d at 709; *Matter of Gee v Brothers*, 267 AD2d at 787-788; *Matter of Bogert v Rickard*, 199 AD2d 587, 588-589 [1993]).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.