■ In the Matter of ALICE A., Appellant, v JOSHUA B., Respondent. [648 NYS2d 729] —Carpinello, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered May 1, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties' child, Anthony, was born out of wedlock in August 1991. From the date of his birth up until his first birthday, Anthony was cared for by petitioner, his mother, and his contact with respondent, who denied paternity, was infrequent. Paternity was established by a blood test. Thereafter, on October 28, 1992, respondent filed a petition seeking joint custody of Anthony. Joint custody was awarded by order dated January 22, 1993, with primary physical custody given to petitioner. By order dated December 15, 1993, the joint custody arrangement was continued but primary physical custody was shifted to respondent. The parties thereafter modified their visitation schedule, but joint custody continued and primary physical custody remained with respondent.

On or about November 26, 1994, respondent brought Anthony to petitioner's house in accordance with the agreed-upon visitation order. Respondent told petitioner that Anthony had received rug burns on his back from sliding down the stairs while playing with another child. Petitioner testified that when she examined the child, she noticed a bruise on his back and fingerprint-shaped bruising on his buttocks. Petitioner testified that when she asked Anthony about the bruises, he told her that respondent had spanked him hard after Anthony called him a jerk. Petitioner brought Anthony to the hospital for examination, and hospital records indicate that Anthony told a nurse that "Josh" had hit him. Hospital personnel called Child Protective Services, and caseworker James Brouse was dispatched to the scene. When Brouse asked Anthony about his injuries, he indicated that respondent's wife had struck him. Several months later Anthony told Brouse that respondent had spanked him for wetting the bed and for calling respondent a jerk.

Anthony was placed with petitioner until an order of protection could be secured against respondent and his wife. Once the order of protection was obtained, Anthony was returned to respondent's care. On November 30, 1994, petitioner filed a petition seeking full custody of Anthony with supervised visitation to respondent. The Fulton County Department of Social Services commenced neglect proceedings against respondent and his wife. The neglect petition and the custody petition were consolidated. The neglect charge against respondent's wife was adjourned in contemplation of dismissal, but the Law Guardian opposed a similar disposition with regard to the neglect charge against respondent. Respondent then consented to a finding of neglect without admission, with specified conditions.

A fact-finding hearing on the custody petition followed. In his testimony, respondent stated that although he had initially told Brouse that he never spanked Anthony, he had in fact spanked Anthony in the past for wetting the bed. Respondent also testified that he periodically questions Anthony about the cause of his injuries, and that Anthony has stated on different occasions that the injuries were caused by petitioner, respondent or the boyfriend of petitioner's sister. At the conclusion of the hearing, Family Court dismissed the petition for sole custody on the ground that petitioner had failed to prove a change in circumstances. Family Court noted that the petition was based entirely upon the allegation that respondent had struck Anthony while in his care, causing bruising to Anthony's

back and buttocks. Family Court stated, however, that in the absence of testimony or evidence to corroborate Anthony's version of the facts, the court was unable to make a determination as to the cause of his injuries. Petitioner appeals.

Petitioner's sole argument on this appeal is that Family Court gave undue consideration to whether the neglect charge against respondent had been proven and failed to consider the totality of the circumstances in determining Anthony's best interest. Although not determinative, the Law Guardian supports petitioner's application for sole custody. It is well established that the primary consideration in any custody matter is the best interest of the child (*see, Matter of King v King*, 225 AD2d 819, 820, *lv denied* 88 NY2d 806; *Matter of Belden v Keyser*, 206 AD2d 610; *Matter of Powers v Powers*, 201 AD2d 838, 839). For that reason, " 'alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Williams v Williams*, 188 AD2d 906, 907, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903).

This determination requires an inquiry into a number of factors relevant to the child's best interest, including the quality of the parents' respective home environments, the length of time that the present custody arrangement has been in place and each parent's past performance, relative fitness, and ability to guide and provide for the child's intellectual and emotional development (*see, Matter of Irwin v Neyland*, 213 AD2d 773, 774; *Matter of Williams v Williams, supra*, at 907). This inquiry is best undertaken by Family Court, since that court is in the best position to evaluate the testimony, character and sincerity of the parties (*see, Matter of Baby Boy L.*, 206 AD2d 470, 472, *appeal dismissed* 84 NY2d 922, *lv denied* 85 NY2d 804). Because Family Court has an opportunity to assess the credibility of the witnesses, deference is accorded to the factual findings of Family Court and these findings will not be disturbed absent a determination that they lack a sound and substantial basis in the record (*see, Matter of Hubbard v Hubbard*, 221 AD2d 807, 808; *Matter of Aylesworth v Aylesworth*, 207 AD2d 970, 971).

In the instant case, petitioner relied solely upon the allegation that respondent had struck Anthony as the basis for her claim of a change in circumstances. This allegation was, therefore, the pivotal issue in this case and extensive testimony was taken with regard to same. Family Court's legal conclusion, that petitioner had not sustained her burden of demon-

strating a change in circumstances, is predicated upon its finding, recited in its decision, that there was no testimony or evidence to corroborate the child's contradictory versions of this event. Family Court also discussed its evaluation of the parties and, to the extent there was support in the record, their respective lifestyles, and adequately set forth the factual predicate for its ruling which it determined to be in the best interest of the child (see, Giordano v Giordano, 93 AD2d 310, 312).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.