■ In the Matter of PAUL F. PASTOROK, Appellant, v MARIE CINA, Also Known as MARIE PASTOROK, Respondent. [652 NYS2d 1020] —Mercure, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 12, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

In 1987, the parties were granted joint custody of their son, Eric, who was born in 1985 and suffers from cerebral palsy. Primary physical custody was granted to petitioner, subject to respondent's right to visitation every other weekend from Friday afternoon to Sunday afternoon, on certain holidays and for two weeks during the summer. Based upon allegations that during 1993 and 1994 respondent had not been regularly exercising her visitation rights, that Eric actually spent most weekend visitation periods with his maternal grandparents at their plastics shop and that the weekend visitation was detrimental to Eric's health, petitioner initiated this proceeding to modify the custody order so as to grant him sole custody of Eric and to limit weekend visitation. Following a two-day hearing, Family Court denied the application and actually increased respondent's summer visitation to three weeks each year. Petitioner appeals.

We affirm. Apparently conceding the propriety of Family Court's denial of his application for sole custody based upon a failure of proof, petitioner merely contends that Family Court's expansion of respondent's visitation rights was not in Eric's best interest. We disagree. Taking into account Family Court's superior vantage point for assessing the credibility of witnesses and giving due deference to its factual findings, we are not inclined to disturb Family Court's determination, which has a "sound and substantial basis" in the record (*Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779; *accord, Matter of Sellen v Wright*, 229 AD2d 680, 681-682). Although Eric's psychologist

characterized the visitation periods as "disruptive" and "destructive", he conceded that he knew nothing about respondent or her parents or their ability to meet Eric's needs, that he was not aware of the environment in which the visitation was taking place and that the disruption did not affect Eric's cognitive, language or speech development. In fact, the record demonstrates that during the period in question Eric made significant progress, which may be at least partially attributed to the contribution of respondent and her parents.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.