■ In the Matter of DEBRA J. MILLARD, Appellant, v DAVID D. CLAPPER, SR., Respondent. (Proceeding No. 1.) In the Matter of DEBRA J. MILLARD, Appellant, v DAVID D. CLAPPER, SR., et al., Respondents. (Proceeding No. 2.) [679 NYS2d 434] —Graffeo, J. Appeals (1) from an order of the Family Court of Broome County (Hester, Jr., J.), entered January 31, 1997, which dismissed petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 10, to hold respondents in violation of a prior court order, and (2) from an order of said court, entered April 10, 1997, which dismissed petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent David D. Clapper, Sr. (hereinafter respondent) are the parents of two sons born in 1986 and 1987. Respondent was granted custody of the two children after the parties' divorce in 1991 and the boys continue to reside with respondent and his wife, respondent Claudia Clapper, with petitioner having visitation rights on alternate weekends and certain holidays. In 1996 and 1997 four petitions were filed in Family Court. In January 1997, Family Court found that petitioner had no standing under Family Court Act § 1039 (e)

to pursue an application for contempt for respondent's alleged violation of an adjournment in contemplation of dismissal order. The following month, determining that respondent willfully violated a prior visitation order, Family Court granted petitioner two additional weekends of visitation. In April 1997, Family Court denied petitioner's August 1996 and December 1996 petitions seeking primary physical custody of the children after conducting a fact-finding hearing. Petitioner appeals the dismissal of her Family Court Act article 10 application and the dismissal of her petitions for custody modification.

It is axiomatic that the best interests of the children are paramount when determining custody and, moreover, that an alteration in an established custody arrangement will be granted only where it is demonstrated that a change of circumstances necessitates a modification to ensure the welfare of the children (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Brewer v Whitney*, 245 AD2d 842; *Matter of Morgan v Becker*, 245 AD2d 889). Although the record is replete with allegations of questionable behavior and manifestations of negative influences in both homes, our review of the record indicates the absence of proof sufficient to find that a modification of custody would be in the best interests of the children. The children's Law Guardian and the attorney for the Department of Social Services recommended that respondent retain custody of the children. In addition, the caseworker assigned to the children testified that their welfare would be better served by remaining with respondent. Family Court appropriately considered the respective home environments, the length of time the children had been living with respondent and respondent's participation in an anger management program, having previously been incarcerated for domestic violence. Based on the foregoing, and according substantial deference to Family Court's finding that petitioner was not credible (*see, Matter of Morgan v Becker, supra*, at 891-892; *Matter of De Losh v De Losh*, 235 AD2d 851), we decline to disturb Family Court's determination as the record demonstrates a sound and substantial basis for its refusal to modify custody (*see, Matter of Copeland v Copeland*, 232 AD2d 822, *lv denied* 89 NY2d 806).

We also find that petitioner lacked standing to file a petition alleging respondent's violation of an order of adjournment in contemplation of dismissal. Pursuant to Family Court Act § 1039 (e), a child's attorney or Law Guardian, a child protective agency or Family Court may revisit a neglect case if compliance with the terms and conditions imposed by the court is lacking. A noncustodial parent is not authorized by the statute to commence a proceeding to enforce compliance.

We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.