■ In the Matter of CLAUDE WEEDEN, Respondent, v MICHELLE WEEDEN, Appellant. [681 NYS2d 671] —Mercure, J. Appeal

from an order of the Family Court of Delaware County (Estes, J.), entered September 12, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a custody order.

The parties are the parents of two children, a boy born in 1988 and a girl born in 1991. The parties separated in 1993 and an order of Family Court entered April 25, 1994 awarded them joint custody of the children, with respondent having physical custody. In October 1996, petitioner filed a petition seeking to modify that order so as to grant him sole custody of the children based upon allegations, among others, that respondent had abused alcohol and used cocaine and that the children had been excessively tardy at school. Following a fact-finding hearing, Family Court determined that there had been a change of circumstances sufficient to warrant a modification of the prior order and the entry of an order granting respondent physical custody of the children while maintaining joint custody between the parties. Respondent appeals.

We affirm. Although "alteration of an established custody arrangement should be ordered 'only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child[ren's] best interest' " (*Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889, quoting *Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023; *see, Matter of Sullivan v Sullivan*, 216 AD2d 627), we conclude that the present record provides a sound and substantial basis for Family Court's grant of physical custody to petitioner. The evidence adduced at the fact-finding hearing, including testimony that respondent had used cocaine on several occasions, abused alcohol and drove while intoxicated with the children in the car, substantially supports Family Court's determination that the circumstances have sufficiently changed to warrant a change in custody (*see, Matter of Morgan v Becker*, 245 AD2d 889; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806).

Further, there was an adequate evidentiary basis for determining that the transfer of custody to petitioner was in the children's best interest. "Primary among the circumstances to be considered are the ability to provide for the child[ren's] emotional and intellectual development, the quality of the home environment and the parental guidance provided" (*Matter of Manchester v Whitbeck*, 220 AD2d 837, 837-838; *see, Eschbach v Eschbach*, 56 NY2d 167, 172). As found by Family Court, respondent consistently placed her needs before those of the children and was unable to "provide [them with] a model of a mature, secure, positive adult". Of particular importance, the

evidence showed that the son's emotional health was being compromised under the present custody arrangement. In addition, evidence credited by Family Court showed that respondent's lifestyle had become chaotic, with her moving from one paramour to another and repeatedly changing jobs, and she could not as a consequence provide a stable and emotionally secure environment for her children. In contrast, uncontradicted evidence was introduced to show that petitioner's highly structured household offered a stable and consistent environment for the children.

Although respondent goes to great lengths in an effort to contradict, disparage or impugn the evidence presented by petitioner, she has done nothing more than highlight various factual disputes which Family Court was empowered to and did resolve in favor of petitioner. It is fundamental law that, because Family Court is in the best position to evaluate the credibility and character of the parties and witnesses, its findings are to be afforded great deference in custody matters (*see, Eschbach v Eschbach, supra,* at 173-174; *Matter of De Losh v De Losh,* 235 AD2d 851, 853, *lv denied* 89 NY2d 813; *Matter of Nicotera v Nicotera,* 222 AD2d 892, 893). Finally, while by no means determinative, we note that Family Court's credibility determinations and ultimate decision were in accordance with the Law Guardian's recommendation (*see, Matter of De Losh v De Losh, supra,* at 854; *Matter of Alice A. v Joshua B.,* 232 AD2d 777, 779).

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.