■ In the Matter of FRANCIS RUSSO, Respondent, v LYNNE RUSSO, Appellant. [684 NYS2d 350] —Cardona, P. J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered December 11, 1997, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties married in 1985 while petitioner was incarcerated for manslaughter. Their daughter, Melissa, was born September 2, 1987. While the parties were living together, petitioner had a drug relapse in 1988 and entered into treatment. The parties separated in 1989 and were divorced on February 3, 1993. By stipulation dated April 26, 1990, the parties agreed that respondent would have custody of Melissa and petitioner would have visitation. This agreement was subsequently incorporated into the judgment of divorce. On July 26, 1993, petitioner made an application returnable in Supreme Court, Bronx County, to modify the judgment by transferring custody of the child to him. Respondent opposed the motion and cross-moved for, *inter alia,* a change of venue to Ulster County where she and the child resided. Thereafter, in July 1996, the matter was transferred to the Family Court of Ulster County for disposition. In the interim, petitioner married Deborah Russo (hereinafter Russo) and they had a child. Respondent also had a child with a former companion, Martin Melito. Respondent married Richard Policastro in September 1996. In January 1997, respondent was incarcerated for passing bad checks and she placed Melissa in the care of her mother. On

January 30, 1997, Family Court held a hearing and awarded temporary custody to petitioner. He was directed to bring the child to respondent's mother's home for visitation with maternal relatives on alternating weekends. Thereafter, a full custody hearing was held at which the Law Guardian recommended that petitioner be awarded custody. Family Court awarded custody to petitioner and, as a result, respondent appeals, contending that petitioner failed to establish a sufficient change in circumstances to warrant the change in custody.

It is well settled that the primary consideration in every custody case is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of De Losh v De Losh*, 235 AD2d 851, 852, *lv denied* 89 NY2d 813). "To that end, 'alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Williams v Williams*, 188 AD2d 906, 907, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903). Factors relevant to such a determination include the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development (*see, Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779; *Matter of Williams v Williams, supra*, at 907). Family Court's factual findings are generally accorded great deference and will only be disturbed if they lack a sound and substantial basis in the record since it is in the best position to assess the credibility of witnesses (*see, Matter of Alice A. v Joshua B., supra*, at 779; *Matter of Williams v Williams, supra*, 907).

In our view, there is a sound and substantial basis in the record for Family Court's finding of changed circumstances (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 854, *supra*) and that Melissa's best interests would be substantially enhanced by the transfer of custody to petitioner (*see, Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023). Following the parties' divorce, when Melissa was between the ages of five and ten, she resided in six different places and attended three different schools while in respondent's custody, due to, among other things, respondent's relationships with Melito and Policastro. There was also evidence that when respondent and Melissa resided with Melito, respondent drank alcohol to excess and on occasion would leave the home during the middle of the night to visit her brother. It is important to note that during this

same time period, the record shows that petitioner married Russo, had a child with her, continued to work for his family's commercial towing business, and moved into a four-bedroom house where Melissa has her own bedroom. Although petitioner was convicted of a very serious felony, the act occurred prior to Melissa's birth and this record demonstrates both his rehabilitation and continued stability.

Family Court also found that after the divorce, respondent informed petitioner that Melissa was having problems with her hearing. Since respondent did not have a regular doctor for Melissa in the City of Kingston, Ulster County, petitioner took her to doctors in New York City. It was determined that Melissa sustained hearing losses in both ears. Respondent was not present for any of those appointments nor for three ear surgeries Melissa underwent between March 1993 and December 1994. Notable, and supported in this record, is Family Court's finding that respondent was seriously deficient in taking care of Melissa's medical needs.

Family Court also considered the stepparents' circumstances and their relationship with Melissa. Policastro suffers from depression and agoraphobia. Moreover, he had a recent conviction for shoplifting, a behavior which Melissa exhibited on one occasion. His relationship with Melissa appears to be that of disciplinarian and there was very little evidence of his nurturing abilities. On the other hand, the evidence clearly shows that Russo is very involved in Melissa's daily activities and maintains a positive and nurturing relationship with her.

Although we recognize that a prior custodial arrangement is a weighty factor in determining whether to change custody (see, Matter of Williams v Williams, 188 AD2d 906, 908, supra), under the circumstances herein, there is sufficient evidence in the record supporting Family Court's determination. Notably, respondent's role as a parent has been marred by inconsistency which has resulted in frequent family disruptions and geographic relocations for Melissa. As noted by Family Court, petitioner has offered Melissa constant nurturing and the continued stability of his household. Moreover, he has demonstrated the ability and fitness to provide for her physical, emotional and intellectual development. Accordingly, we affirm the determination.

Mercure, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.