■ In the Matter of Dawn Royea, Appellant, v Jason Hutchings, Respondent. [687 NYS2d 455] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered February 11, 1998, which, *inter alia*, granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

Petitioner and respondent are parents of a son born in 1993. By Family Court order dated May 21, 1996, the parties stipulated to joint custody with petitioner having physical custody every week from Monday at 9:00 A.M. through Friday at 5:30 P.M. and respondent having physical custody on the weekends (except for the last weekend of each month) and on Wednesday evenings. The stipulation further provided that during the month of August the physical custody arrangement would be reversed. At the time of the agreement, both parents resided in the Town of Groton, Tompkins County, and agreed to enroll the child in the Groton School District.

In November 1997, petitioner commenced this proceeding seeking sole custody based upon a change in circumstances and respondent, in turn, cross-petitioned for the same relief. Following a fact-finding hearing, Family Court, *inter alia*, awarded sole custody to respondent and issued an order of protection which included a provision prohibiting petitioner from having contact with respondent, other than in connection with visitation with the child, until the child reaches the age of 18.

Petitioner appeals contending that Family Court's modification order is not supported by the evidence. Based upon the record, we disagree. It is settled that the best interest of the child is of paramount concern in resolving custody matters (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Russo v Russo*, 257 AD2d 926, 927). An established custody arrangement will not be altered unless it is demonstrated that there has been a change in circumstances necessitating a modification to ensure the child's welfare (*see, Matter of Russo v Russo, supra*, at 927; *Matter of Weeden v Weeden*, 256 AD2d 831,832; *Matter of Millard v Clapper*, 254 AD2d 640, 641). Factors relevant to that determination include "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Russo v Russo, supra*, at 927; *see, Matter of Oseid v Daugherty*, 254 AD2d 600, 601; *Ulmer v Ulmer*, 254 AD2d 541, 542; *Matter of Williams v Williams*, 188 AD2d 906, 907).

Turning to some of the determinative proof adduced at the hearing, petitioner testified that six months after the joint custodial order was granted, she and her new husband moved out of the Groton School District to the Town of Moravia, Cayuga County, 15 miles from respondent's residence and, again, in April 1997 to the City of Auburn, Cayuga County, approximately 30 miles from respondent's residence. In July 1997, with respondent's consent, petitioner enrolled the parties' son at the Gavras Center in Auburn to address his slow development in speech and language skills. At the time of the hearing, petitioner and her husband had a one-year-old son and were expecting another child in March 1998. Petitioner stated that her relationship with respondent began to deteriorate in the summer of 1997 when respondent became both verbally and physically abusive in their son's presence. As the result of an incident on August 6, 1997 during an exchange of custody, petitioner filed criminal charges against respondent alleging that he bruised her arm.

Petitioner admitted that her husband was arrested late one evening at their home. According to respondent, the arrest occurred while the parties' son was present and, when petitioner telephoned him in distress, he heard his son crying in the background. Petitioner's husband admitted he was on probation for charges stemming from the theft of money and had been ordered to pay restitution in the amount of $25,000. Moreover, petitioner's husband had filed for bankruptcy.

A psychologist who worked at the Gavras Center testified that she noticed a change in the child's behavior since the initial evaluation. She stated that he appeared less enthusiastic and happy and attributed his regression to conflicts in the parties' relationship. She further stated that she observed an emotional distance between petitioner and her son. She opined that the child was not ready for regular kindergarten and recommended that he be placed in a developmental kindergarten. Respondent testified that he had located a developmental kindergarten in Groton and made arrangements to have his mother and brother assist in child care should his application for sole custody be granted. Family Court found that petitioner did not take any meaningful action in that regard.

In reference to the incident on August 6, 1997, respondent's mother testified that, during that exchange of custody, her grandson was reluctant to go with petitioner. She videotaped the incident which did not reveal the physical altercation as alleged by petitioner. Petitioner's criminal charges against respondent were subsequently adjourned in contemplation of dismissal, with petitioner obtaining an order of protection.

In its decision, Family Court, considering all of petitioner's circumstances, found that her home life had become "increasingly stressful and chaotic". Observing that the child was not thriving under present conditions, the court concluded that respondent was capable of providing a more economically and emotionally stable home environment for the child. In our view, there is a sound and substantial basis in the record for Family Court's decision to award sole custody of the child to respondent, which we note is in accordance with the recommendation of the Law Guardian (see, Matter of Weeden v Weeden, supra, at 833; Matter of Williams v Williams, supra, at 907). Moreover, while petitioner also challenges the issuance of the protective order, we do not find this an abuse of discretion given the obvious tension between the parties and the adverse impact it has had on the child (see generally, Family Ct Act § 656). We note that, if appropriate, and upon proper application, the court has the discretion to modify the order.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.