■ In the Matter of VIRGIL L. OAKLEY, JR., Respondent, v CHERYL A. OAKLEY, Appellant. [693 NYS2d 740] —Mercure, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered August 7, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married in 1988. They are the parents of two sons, born in 1988 and 1991. Respondent moved out of the marital residence in April 1997 and approximately four months later petitioner filed a petition for custody of the children. Following a fact-finding hearing, Family Court granted the petition based upon its conclusion that the children's best interests would be served by a grant of sole custody to petitioner. Respondent appeals, primarily contending that Family Court failed to properly assess the credibility of the witnesses and to weigh the evidence.

In our view, there is ample support in the record for Family Court's conclusion that, because petitioner is "more focused on the children * * * more sensitive to the impact of parental behavior upon the children, and less inclined to indulge his self-interest over that of the children than is [respondent]", he is a more fit custodian and the children's best interests will be served by a grant of custody in his favor. We accordingly affirm.

The evidence adduced at the fact-finding hearing showed that, due to petitioner's work schedule and the fact that respondent was minimally employed, respondent was the children's primary caregiver for several years. In September 1996, however, respondent began attending college on a full-time basis and petitioner's involvement with the children increased substantially. In December 1996, respondent told petitioner that she no longer loved him and wanted a divorce. She began going out several nights each week, requiring petitioner to feed the children and put them to bed. Then, following respondent's departure in April 1997, petitioner became the children's primary caregiver. In fact, according to petitioner's testimony, which was credited by Family Court, respondent had no contact with the children for a period of six weeks after she moved out of the marital residence. Although working at that point, respondent made no voluntary contributions to the children's support and, when asked to pay half the cost of the children's school clothes, respondent suggested that she and petitioner go to a gambling casino to raise the money. Finally, the evidence showed that respondent often spoke poorly of petitioner and discussed the parties' marital difficulties and custody dispute in front of the children, whereas petitioner made a substantial effort to shield the children from the parties' controversies. Indeed, petitioner consistently spoke well of respondent and went so far as to testify that she is a good mother.

Fundamentally, Family Court is to be afforded great deference in its credibility determinations "because [it] is in the best position to evaluate the credibility and character of the parties and witnesses" (*Matter of Weeden v Weeden*, 256 AD2d 831, 833, *lv denied* 93 NY2d 804; *see, Matter of Karcher v Byrnes*, 232 AD2d 760), and we are not persuaded to reject its findings in this case. The evidence showed that both petitioner and respondent love their children and are good parents and either would be a suitable custodial parent. Under the circumstances, Family Court was forced to base its decision on events that took place following the parties' separation and relatively subtle differences in their attitudes and child-rearing abilities. We also note that, although not determinative, Family Court's decision was in accord with the Law Guardian's recommendation (*see, Matter of Weeden v Weeden, supra*).

As a final matter, we are not persuaded that Family Court abused its discretion in failing to order psychological reports (*see,* Family Ct Act § 251; *Matter of Smith v Kalman*, 235 AD2d 848, 849).

Mikoll J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.