■ STEPHANIE BRODSKY, Appellant, v PAUL G. BRODSKY, Respondent. [700 NYS2d 546] —Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered February 17, 1999 in Tompkins County, which, *inter alia*, temporarily granted primary physical placement of the parties' children to defendant.

The parties to this action were married in 1979 and thereafter five children were born of the marriage. In 1994, the par-

ties began to experience marital difficulties and, on July 15, 1994, plaintiff filed a family offense petition alleging, *inter alia*, "that defendant lays naked in bed with their daughter". When Family Court denied plaintiff's request for a temporary order of protection, she withdrew her family offense petition. Thereafter, on July 18, 1994, plaintiff filed a petition for custody. In response, defendant filed a cross petition for custody.

While those petitions were pending, plaintiff made a hot line report to Child Protective Services repeating her allegations that defendant, *inter alia*, lies in bed naked with their daughter.[1] Finally, in September 1994, the custody petitions filed in July 1994 and August 1994 were resolved by a stipulated order providing that the parties were to have joint legal custody of the children with primary physical custody with plaintiff and liberal visitation by defendant. Notably, there was no requirement that such visitation be supervised. In January 1998, plaintiff commenced this action for divorce. Defendant answered and counterclaimed for custody of the parties' children. Following an evidentiary hearing, Supreme Court awarded joint custody, limited to medical decisions, with primary physical custody with defendant. Plaintiff now appeals.

Initially, plaintiff contends that Supreme Court erred in changing primary physical custody of the children from plaintiff to defendant because defendant failed to make a showing of a change in circumstances sufficient to warrant such change. We disagree. It is axiomatic that modification of an established custodial arrangement is warranted only if, due to sufficient change of circumstances, it would be in the children's best interests (*see, Matter of Weeden v Weeden*, 256 AD2d 831, 832, *lv denied* 93 NY2d 804). Further, in view of Supreme Court's superior ability to evaluate the testimony and credibility of the competing parties and their respective witnesses, we customarily accord great deference to its resolution of factual issues and will not disturb such determination unless it is bereft of substantial support in the record (*see, Matter of Lukaszewicz v Lukaszewicz*, 256 AD2d 1031, 1033).

Applying these principles to the case at bar, we find no reason to disturb Supreme Court's order. With regard to the change in circumstances, there was evidence presented that plaintiff interfered with defendant's visitation with his children and, on at least one occasion, that such interference neces-

---

1. Child Protective Services determined that the allegations were indicated for inadequate guardianship and, following a hearing requested by defendant, that finding was held to have been sustained by a fair preponderance of the evidence and defendant's request for expungement was denied.

sitated police intervention. It has been noted that a parent's interference with the visitation rights of the other parent is so inconsistent with the children's best interests that it may render the offending parent unfit to act as a custodial parent (*see, Entwistle v Entwistle*, 61 AD2d 380, 384-385, *appeal dismissed* 44 NY2d 851). There also was evidence that plaintiff's relationship with the older son had been deteriorating and at some point plaintiff called the police and accused the boy of stealing. Finally, there was evidence that plaintiff was belittling defendant in the children's presence and that she was becoming confrontational and impatient with the children. Given the evidence, we cannot say that Supreme Court erred in its ultimate determination.

Plaintiff next contends that Supreme Court erred in "dismissing the findings" of the Administrative Law Judge that the indicated reports of defendant's inadequate guardianship were supported by a preponderance of evidence. To the extent that such claim can be seen as an assertion that the finding made is entitled to preclusive effect, we disagree. Plaintiff effectively abandoned any such claim when she affirmatively offered proof of the various acts underlying such finding and failed to object to the contrary proof offered by defendant. Even assuming, however, that we were to afford preclusive effect to such finding, that would not prevent defendant from asserting and Supreme Court from finding, as it did, that plaintiff's assertions were employed as a weapon against defendant in her quest to gain custody of the children, and not because she was concerned about their welfare.[2] We have considered plaintiff's remaining contentions and find them equally without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** The record reflects that the conduct complained of had been going on for years before plaintiff made a complaint.