■ ELIZABETH MELNITZKY, Respondent, v MICHAEL MELNITZKY, Appellant. [700 NYS2d 840] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered April 17, 1998, which, *inter alia*, after a jury trial, dissolved the parties' marriage on the grounds of cruel and inhuman treatment and constructive abandonment of plaintiff, and, after a non-jury trial, awarded plaintiff sole custody of the parties' three children, and continued a pendente lite visitation order, unanimously affirmed, without costs.

We reject defendant's claims that the trial court was person-

ally biased against him and acted in a manner to prejudice the jury against him. A review of the record indicates that the trial court made every effort to be fair in a very difficult situation. The trial court's *sua sponte* issuance of a protective order and a search of defendant's dwelling which yielded negative results were within the court's discretion, and since none of these circumstances were conveyed to the jury it had no affect upon their verdict. There was ample proof to enable the jury rationally to conclude that defendant, a distinguished art curator, had acted in a manner potentially harmful to the physical and/or mental health of plaintiff so as to make continued cohabitation unsafe and improper. Accordingly, the judgment of divorce should not be disturbed (*see, McKilligan v McKilligan*, 156 AD2d 904).

There was also ample support in the record for the trial court's determination that an award of exclusive custody of the parties' children to plaintiff would, at this time, be in the children's best interests (*see, Eschbach v Eschbach*, 56 NY2d 167). In this connection, the court's findings that plaintiff had been the primary caretaker and had provided continuity and stability for the children, and that although defendant is a caring and concerned father he had not personally taken day to day care of the children, were well-supported by the record. Defendant's belated request at the custody hearing for a forensic evaluation was properly denied (*see, Matter of Oakley v Oakley*, 263 AD2d 791; *Matter of Farnham v Farnham*, 252 AD2d 675).

We have reviewed defendant's remaining contentions and find them unavailing.

Motion seeking to strike appellant's brief and for other related relief denied. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.