■ In the Matter of AUSTIN MARKEY, Respondent, v SUSAN BEDERIAN, Appellant. [710 NYS2d 482] —Crew III, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 31, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the biological parents of two children, born in 1987 and 1989. The parties separated permanently in December 1992 and, insofar as is relevant to this appeal, ultimately consented in January 1995 to joint legal custody, with physical custody to respondent and visitation to petitioner.

Beginning in January 1998, petitioner filed three modification petitions alleging, *inter alia*, that respondent had interfered with his visitation rights, impeded his telephone access to the children and was abusing alcohol and seeking physical custody of the minor children. Following a lengthy hearing

at which the parties appeared and testified and the children were interviewed in camera, Family Court granted petitioner's application and awarded petitioner sole legal and physical custody, with liberal visitation to respondent. This appeal by respondent ensued.

We affirm. As the case law makes clear, "alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *see, Brodsky v Brodsky*, 267 AD2d 897, 898; *Matter of Crawson v Crawson*, 263 AD2d 656, 657).[1] Such a change in circumstances may be demonstrated by, *inter alia*, a deterioration of the relationship between the joint custodial parents (*see, e.g., Matter of Moreau v Sirles*, 268 AD2d 811, 812, *lv denied* 95 NY2d 752; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790; *Ulmer v Ulmer*, 254 AD2d 541, 542), interference with the noncustodial parent's visitation rights and/or telephone access (*see, e.g., Brodsky v Brodsky, supra*, at 898-899; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806-807) or the existence of an alcohol or substance abuse problem (*see, e.g., Matter of Weeden v Weeden*, 256 AD2d 831, 832, *lv denied* 93 NY2d 804; *Matter of Mooney v Mooney*, 243 AD2d 840, 841). To that end, Family Court's factual findings traditionally are accorded great deference and should be set aside only where they lack a sound and substantial basis in the record (*see, Matter of Moreau v Sirles, supra*, at 812; *Matter of Betancourt v Boughton, supra*, at 806).

Based upon our review of the record as a whole, we cannot say that petitioner failed to demonstrate a sufficient change in circumstances to trigger the best interest analysis undertaken by Family Court. In this regard, respondent argues that her demonstrated misdeeds—denying petitioner visitation on two occasions, relocating the children to a new residence and refusing to provide petitioner with their address, enrolling the children in a new school district without consulting with petitioner, failing to permit and/or facilitate telephone contact between the children and petitioner and abusing alcohol on at least two occasions—amount to nothing more than isolated incidents and fall far short of demonstrating a pattern of persistent interference or abuse. While such incidents, standing alone,

---

1. To the extent that Family Court's written decision does not expressly recite this rule of law, it is apparent from a review thereof that Family Court was aware of the parties' prior stipulation as to custody and undertook an appropriate evidentiary analysis.

indeed do not establish a persistent interference with petitioner's visitation rights, a persistent denial of telephone access to the children or a pervasive problem with alcohol,[2] respondent's conduct does demonstrate and reflect a pattern of immature decision making and the exercise of poor judgment. Such actions, taken together and viewed in the context of the embattled and deteriorating relationship between the parties, constitute a sufficient change in circumstances to warrant modification of the then-existing custodial situation.[3]

With respect to Family Court's best interest inquiry, the record amply supports the court's findings that the children's best interests would be served by awarding sole legal and physical custody to petitioner. The record plainly demonstrates that the parties cannot work together in a cooperative fashion, thereby rendering joint legal custody inappropriate (see, Matter of Jemmott v Jemmott, 249 AD2d 838, 839, lv denied 92 NY2d 809). As to physical custody, we reject respondent's assertion that the record is not sufficiently developed to permit this Court to assess the quality of home life the children would have with petitioner and his spouse and/or petitioner's ability to be an effective parent to the children. While much of the evidence gathered at the hearing indeed centered around the asserted grounds for modification, sufficient testimony was adduced to permit this Court to conclude that petitioner is financially and emotionally capable of providing for the children's various needs.

Morever, although by no means determinative, Family Court's award of custody reflected both the Law Guardian's position (see, Matter of Weeden v Weeden, 256 AD2d 831, 833, supra) and, as acknowledged by the parties, the children's wishes. To the extent that the court-appointed evaluator recommended that physical custody continue with respondent, this recommendation was significantly undercut by the evaluator's testimony on cross-examination, wherein he acknowledged that petitioner could provide more structure and consistency for the

---

**2.** Respondent submitted a letter from a certified rehabilitation counselor indicating that respondent "does not appear to have an alcohol or substance diagnosis".

**3.** To the extent that respondent asserts there is no proof in the record that the children have been harmed by her conduct, two points are worth noting. First, we disagree with respondent's interpretation of the record evidence. Moreover, even accepting that the children have not suffered significant harm in this regard, such a finding, although plainly relevant in assessing respondent's ability to be an effective parent and in ascertaining to whom custody should be awarded, is of no moment in determining whether a sufficient change in circumstances has been demonstrated in the first instance.

children and conceded that his recommendation may have been motivated, in part, by sympathy for respondent.

In sum, we are of the view that Family Court's findings have a sound and substantial basis in the record and, therefore, will not be disturbed. Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.