■ In the Matter of THOMAS P. BREITUNG, Respondent, v JACQUELINE D. TRASK, Appellant. [717 NYS2d 799] —Spain, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered January 3, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties were divorced in December 1995 and are the parents of two children, a son (born in 1990) and a daughter (born in 1992). Pursuant to a June 1994 separation agreement which was incorporated into a judgment of divorce, the parties agreed to maintain joint legal custody of the children with respondent having primary physical custody subject to petitioner's visitation. Thereafter, petitioner made an application for a modification of the existing custody arrangement. By order entered April 2, 1997, Family Court (Castellino, J.) denied the petition based upon petitioner's failure to establish a change of circumstances sufficient to warrant modification. Petitioner commenced this proceeding, in August 1999, again requesting that the custody arrangement be modified to award him primary physical custody of the children. Following an extensive fact-finding hearing at which 21 witnesses testified, Family Court granted petitioner's application, awarding him primary physical custody of the children subject to respondent's visitation. Respondent appeals.

We affirm. It is well settled that the paramount consideration

in resolving custody matters is the best interests of the children (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Royea v Hutchings*, 260 AD2d 678, 679). Furthermore, "[a]lteration of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the children" (*Matter of Crawson v Crawson*, 263 AD2d 656, 657; *see, Matter of Royea v Hutchings, supra*, at 678). Generally, we accord great deference to Family Court's factual findings and will disturb such findings only "if they lack a sound and substantial basis in the record since [Family Court] is in the best position to assess the credibility of witnesses" (*Matter of Russo v Russo*, 257 AD2d 926, 927; *see, Matter of Flynn-Stallmer v Stallmer*, 167 AD2d 575, 576, *appeal dismissed* 77 NY2d 939). Among the factors deemed to be relevant to that determination are "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Russo v Russo, supra*, at 927; *see, Eschbach v Eschbach, supra*, at 172). Contrary to respondent's assertions on appeal, Family Court properly articulated and applied these standards and the record contains sound and substantial bases for its determination (*see, Matter of Russo v Russo, supra*, at 927; *Matter of Williams v Williams*, 188 AD2d 906, 907).

Initially, we conclude that petitioner demonstrated a change in circumstances sufficient to warrant a modification of custody. Evidence adduced at the fact-finding hearing indicated that, since the April 1997 Family Court order, respondent had remarried and had another child. She and her husband, Shane Trask, had moved with the children from a three-bedroom home to a two-bedroom apartment as a result of their deteriorating financial situation. Further, testimony revealed that the children had been exposed to inappropriate behavior and potentially dangerous situations while in the custody of respondent and Trask. Accordingly, we find that the record amply supports Family Court's determination that the circumstances had sufficiently changed to warrant a modification of custody (*see, Matter of Markey v Bederian*, 274 AD2d 816; *Matter of Gee v Brothers*, 267 AD2d 786, *lv denied* 94 NY2d 764; *Matter of Weeden v Weeden*, 256 AD2d 831, *lv denied* 93 NY2d 804).

In further support of Family Court's findings and conclusions, the record reflects a marked and material contrast in the lifestyles of the parties. Respondent has moved five times in

the past five years, and each subsequent move has apparently been to a smaller and less desirable living space. Moreover, although the parties' son suffers from asthma, a number of witnesses testified that respondent's house frequently smelled of smoke or that they had observed individuals smoking in the house. An 18-year-old friend of respondent's family indicated that at age 16 he had consumed alcohol and smoked cigarettes in respondent's home in the presence of the children, with the permission of respondent and Trask who had provided him with beer and cigarettes in the past. That young man admitted to exposing himself to the parties' daughter and making obscene comments to her on an occasion when he was babysitting for the children in 1998 and he was later prosecuted. He testified that prior to this incident he had been drinking from a keg of beer that respondent and Trask had in their yard. Trask's testimony confirmed that he had maintained beer on tap in the home for more than a year.

While the economic status of a parent is not a determinative factor, the record contains extensive testimony concerning respondent and Trask's chronic financial difficulties which continually placed their housing and utilities in jeopardy. Trask testified that he had held four different jobs in the 3½ years prior to the hearing. Respondent and Trask had difficulty paying rent, had written several checks that had been returned for insufficient funds, were on a repayment plan for a utility arrearage of approximately $1,400 and respondent filed for bankruptcy in 1999 listing approximately $50,000 in debts.

Petitioner, in contrast, offered evidence that he is able to provide a more stable and consistent environment for the children. He testified that he has had steady employment as a police officer since 1990, he maintains part-time employment as a security guard and is a part-time college student. He changed his work schedule to accommodate the children and their activities. Teachers at the children's school testified that petitioner and his current wife regularly volunteered at the school and were actively involved in their education and extracurricular activities. He owns a three-bedroom home where he resides with his wife and the two children of their marriage. In addition, petitioner and his wife participated in a six-week parenting program sponsored by the daughter's Head Start program, which respondent started but failed to complete.

Based on the foregoing, we conclude that although respondent is not an unfit parent she is, under all the circumstances present here, the less fit parent (*see, Eschbach v Eschbach*, 56 NY2d 167, 174, *supra*). Accordingly, we hold that Family

Court's decision is supported by a sound and substantial basis in the record and, therefore, will not be disturbed (*see, Matter of Royea v Hutchings*, 260 AD2d 678, *supra*; *Matter of Russo v Russo*, 257 AD2d 926, *supra*; *Matter of Weeden v Weeden*, 256 AD2d 831, *supra*).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.