Stein, J.
Appeal from an order of the Family Court of Albany County (Walsh, J.), entered August 15, 2007, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in violation of a prior order of the court.
Petitioner and respondent are the parents of a daughter (born in 1996). Respondent also has at least four other children (three daughters and a son), of whom petitioner is not the biological father. In February 1999, respondent admitted to certain acts of neglect with respect to the parties’ child and three of her other daughters in satisfaction of pending abuse and neglect petitions pursuant to Family Ct Act article 10. Specifically, she admitted that two of her other daughters were sexually abused by her son, that she used excessive corporal punishment against the named children and that she engaged in severe domestic violence in their presence while they were in her care and custody. Family Court’s order of fact-finding and disposition contained an order of supervision for a one-year period which, among other things, prohibited respondent from allowing any of the named children to have any contact with her son. The order of supervision was extended several times, but the last such order expressly expired in April 2002. All of the children were placed in foster care as a result of respondent’s admission (petitioner made similar admissions and was under a comparable order of supervision), but have since been released from placement and currently reside with respondent.
In June 2007, petitioner, who is currently incarcerated, filed a “petition for violation of an order of protection” alleging that respondent’s son is now living with respondent and the other children, including the parties’ child. At the initial court appearance (at which the court arranged for petitioner to appear by telephone), Family Court ordered an investigation and report from Child Protective Services regarding petitioner’s allegations and assured the parties that, upon request, they would be appointed counsel to represent them if they qualified. In a July 2007 letter, petitioner requested that Family Court appoint counsel to represent him. At the next appearance (at which petitioner again appeared by telephone), some discussion took place regarding the viability of the petition, and the matter was *970 adjourned so that petitioner would have an opportunity to confer with an attorney regarding his options. Apparently, petitioner’s former attorney had a conflict and Family Court did not assign another attorney prior to the next court date. On that date, neither petitioner nor respondent appeared (there is no evidence in the record that arrangements were made for petitioner to appear by telephone), and Family Court dismissed the petition on the basis of lack of jurisdiction. Petitioner now appeals. We affirm.
Initially, we note that petitioner did not have standing to file a petition alleging a violation of an order issued in a child protective proceeding to which he was not a party (see Family Ct Act § 1032; see generally Matter of Millard v Clapper, 254 AD2d 640, 641 [1998]). However, even assuming the availability of some other justiciable claim, based on the record before us, we find no possible basis for determining that respondent violated an order of protection as there was none in effect at the time the violation petition was filed. The order of supervision that was in effect from 1999 to 2002 could not be extended for more than one year at a time (see Family Ct Act § 1057) and had clearly expired at the time the petition was filed. Notably, there is no record evidence that an order of protection, separate from the order of supervision and with a different expiration date (see Family Ct Act § 1056 [4]), was ever issued. Therefore, dismissal of the petition was proper.
Neither petitioner’s absence on the date of the dismissal of his petition nor Family Court’s failure to appoint counsel requires a different result. “[T]he right of a parent to be present at every stage of [article 10] proceedings ... is not absolute” (Matter of Elizabeth T., 3 AD3d 751, 753 [2004]). Here, particularly because the interests of the parties’ child were fully represented by the Albany County Department for Youth, Children and Families and her assigned Law Guardian, the court was not prevented from proceeding in petitioner’s absence (see generally Family Ct Act § 1042).
Furthermore, as petitioner concedes, he was not in jeopardy of losing his parental rights and was not entitled to the assignment of counsel pursuant to Family Ct Act § 262. While the assignment of counsel might have aided petitioner in pursuing his claims which, if true, would seriously implicate the safety and well-being of the parties’ child, those claims were, indeed, investigated and the allegations were determined to be unfounded before the petition was dismissed. Under these circumstances, we find no basis to disturb Family Court’s determination.
*971 We have considered petitioner’s remaining contentions and find them to be unpersuasive.
Cardona, EJ., Spain, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.