# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**204**
**CAF 16-00027**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JUSTIN E. KIEFFER,
PETITIONER-RESPONDENT,

V                                             MEMORANDUM AND ORDER

DELEMA DEFRAIN, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (MATTHEW J. PORTER OF COUNSEL), FOR PETITIONER-RESPONDENT.

RUTHANNE G. SANCHEZ, ATTORNEY FOR THE CHILD, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County (Diana D. Trahan, R.), entered August 24, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted joint custody of the subject child to the parties, with primary physical residence to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the tenth ordering paragraph and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified a prior order entered on stipulation of the parties by awarding petitioner father primary physical residence of the parties' child. Contrary to the mother's contention, we conclude that Family Court properly determined that the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a change of custody is in the best interests of the child (*see Matter of Murphy v Wells*, 103 AD3d 1092, 1093, *lv denied* 21 NY3d 854; *Matter of Markey v Bederian*, 274 AD2d 816, 817-818; *Matter of Brewer v Whitney*, 245 AD2d 842, 843). Contrary to the mother's further contention, there is a sound and substantial basis in the record for the court's determination that it is in the child's best interests to award the father primary physical residence of the child and to award visitation with the mother (*see Matter of Tuttle v Tuttle*, 137 AD3d 1725, 1726; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174). In addition, we reject the mother's contention that she was denied effective assistance of counsel (*see Matter of Nicholson v Nicholson*, 140 AD3d 1689, 1690, *lv denied* 28

NY3d 903; *Matter of Brown v Gandy*, 125 AD3d 1389, 1390).

We agree with the mother, however, that the court erred in sua sponte ordering that the father shall have the right to relocate the residence of the child anywhere in the continental United States with 30 days' notice to the mother inasmuch as that relief was not requested by the parties or the Attorney for the Child (*see Matter of Irons v Schneller*, 258 AD2d 652, 653; *see generally Matter of Majuk v Carbone*, 129 AD3d 1485, 1485-1486).  We therefore modify the order accordingly.

Entered:  February 10, 2017

Frances E. Cafarell
Clerk of the Court