Matter of Nevin H. (Stephanie H.) (2018 NY Slip Op 05891)





Matter of Nevin H. (Stephanie H.)


2018 NY Slip Op 05891


Decided on August 22, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


671 CAF 17-00337

[*1]IN THE MATTER OF NEVIN H. AND NOVAHLEE H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; STEPHANIE H., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
ROBERT F. RHINEHART, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered January 27, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject children and placed respondent under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: These consolidated appeals arise from separate proceedings concerning, among other things, custody and visitation issues with respect to Nevin H. and Novahlee H. (collectively, subject children), the son and daughter of Stephanie H., who is the respondent in both proceedings. Erik M.F., the petitioner in appeal No. 2, is the father of Novahlee (hereafter, subject daughter). Appeal No. 1 arises from a petition pursuant to Family Court Act article 10, in which the petitioner therein, Onondaga County Department of Children and Family Services (DCFS), alleged that the mother neglected the subject children. In that appeal, the mother appeals from an order that, inter alia, determined that she neglected the subject children and placed the mother under the supervision of DCFS. In appeal No. 2, the mother appeals in a custody proceeding from an order granting custody of the subject daughter to petitioner father with specified visitation to the mother.
In appeal No. 1, the mother contends that the evidence is legally insufficient to establish that she neglected the subject children. We agree. In order to establish a prima facie case of neglect, DCFS was required, insofar as relevant here, to establish by a preponderance of the evidence that the subject children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [their] parent or other person legally responsible for [their] care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]). In the petition, DCFS alleged that the mother neglected the subject children by exposing them to domestic violence, i.e., by allowing her paramour into her house on several occasions in the presence of the subject children despite his history of violent actions toward her, during which she was again subjected to domestic violence. It is well settled that, in certain situations, "[t]he exposure of the child to domestic violence between the parents may form the basis for a finding of neglect" (Matter of Michael G., 300 AD2d 1144, 1144 [4th Dept 2002]; see Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]). To establish neglect, however, "there must be proof of actual (or imminent danger of) physical, emotional or mental [*2]impairment to the child' . . . In order for danger to be imminent,' it must be near or impending, not merely possible' . . . Further, there must be a causal connection between the basis for the neglect petition and the circumstances that allegedly produce the . . . imminent danger of impairment' " (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; see Trinity E., 137 AD3d at 1590-1591). Thus, "[a] neglect determination may not be premised solely on a finding of domestic violence without any evidence that the physical, mental or emotional condition of the child was impaired or was in imminent danger of becoming impaired" (Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166-1167 [4th Dept 2012]). "When the sole allegation' is that the mother has been abused and the child has witnessed the abuse, such a showing has not been made" (Nicholson v Scoppetta, 3 NY3d 357, 371 [2004]). Indeed, the Court of Appeals has "rejected use of a presumption of neglect where a parent had allowed a child to witness domestic violence, holding that this bare allegation did not meet the Family Court Act's requirements" (Afton C., 17 NY3d at 10).
Here, inasmuch as the evidence, viewed in the light most favorable to DCFS, merely demonstrates that the subject children were present when domestic violence occurred, there is insufficient "proof of actual (or imminent danger of) physical, emotional or mental impairment to the child[ren]" (Nicholson, 3 NY3d at 369; see Afton C., 17 NY3d at 9). Consequently, we reverse the order in appeal No. 1 and dismiss the petition. The mother's further contentions with respect to the order in appeal No. 1 are moot in light of our determination.
In appeal No. 2, the mother contends that Family Court erred in concluding that the father established the requisite change in circumstances to warrant an inquiry into whether the existing custody arrangement was in the best interests of the subject daughter (see Matter of Carey v Windover, 85 AD3d 1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011]). We reject that contention. Here, the evidence presented at the hearing establishes that the mother lost her job, leaving her unable to provide financial support for the subject daughter, and thus the court properly relied on the mother's "deteriorating financial situation" in concluding that a sufficient change in circumstances had occurred (Matter of Breitung v Trask, 279 AD2d 677, 678 [3d Dept 2001]). In addition, the evidence establishes that the mother lacked suitable housing, which is also sufficient to demonstrate "a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child" (Matter of Amy L.M. v Kevin M.M., 31 AD3d 1224, 1225 [4th Dept 2006]).
We reject the mother's further contention in appeal No. 2 that the court erred in awarding custody of the subject daughter to the father upon determining that there was the requisite change in circumstances. It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Green v Bontzolakes, 83 AD3d 1401, 1402 [4th Dept 2011], lv denied 17 NY3d 703 [2011]), i.e., it is not " supported by a sound and substantial basis in the record' " (Krug, 55 AD3d at 1374; see Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). Here, we see no reason to reject the court's credibility assessment, and we conclude that its custody determination is supported by a sound and substantial basis in the record.
The mother's remaining contentions in appeal No. 2 are academic in light of our determination in appeal No. 1 or do not require modification or reversal of the order in appeal No. 2.
Entered: August 22, 2018
Mark W. Bennett
Clerk of the Court